IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2427-WJM

NORTHGLENN GUNTHER TOODY'S, LLC, a Colorado limited liability company,

 Plaintiff,

v.

HQ8-10410-10450 MELODY LANE, LLC, a Delaware limited liability company,

 Defendant.

---

**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

In this action, Plaintiff Northglenn Gunther Toody's, LLC ("Gunther Toody's"), sues Defendant HQ8-10410-10450 Melody Lane, LLC ("Melody Lane") for breach of a restrictive covenant in a shopping center lease. (*See* ECF No. 1.) Currently before the Court is Gunther Toody's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO/PI Motion"). (ECF No. 2.)

The purpose of a temporary restraining order ("TRO") is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is sometimes issued when the opposing party has actual notice of the motion. *See* 11A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so urgent and irreparable that a decision must be made

before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief. See Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

Here, although counsel for Melody Lane has not entered an appearance, the TRO/PI Motion establishes that Melody Lane's counsel is already aware of Gunther Toody's intent to seek such relief. Specifically, Gunther Toody's originally filed this lawsuit in Colorado state court and sent "a substantially similar motion" to Melody Lane's counsel by e-mail on September 19, 2016. (ECF No. 2 at 1–2.)[1] Counsel for both parties also had a conference call to discuss the matter on September 23, 2016. (*Id.* at 2.) Gunther Toody's then refiled its lawsuit in this Court on September 27, 2016, and voluntarily dismissed its state court lawsuit on September 28, 2016.

It is not clear whether Gunther Toody's has given notice to Melody Lane's counsel of the TRO/PI Motion as filed in this Court, but it is clear that Melody Lane should be aware of this dispute and the nature of the relief Gunther Toody's seeks. Thus, this is not the normal Rule 65(b) case requiring immediate *ex parte* relief.

In addition, the TRO/PI Motion does not establish a harm so immediate and irreparable that the status quo must be preserved pending a preliminary injunction hearing. *See Granny Goose*, 415 U.S. at 439. Although Melody Lane has leased space in the same shopping center to another a restaurant allegedly "similar in concept" to Gunther Toody's, that restaurant is only beginning to renovate the premises it will occupy. As far the TRO/PI Motion reveals, the new restaurant is not operating or even close to operating.

---

[1] *See also Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane, LLC*, Civil Action No. 2016-CV-31474 (Adams Cnty, Colo., filed Sept. 19, 2016).

Accordingly, the Court ORDERS as follows:

1. The TRO portion of the TRO/PI Motion (ECF No. 2) is DENIED;

2. Melody Lane is ORDERED to respond to the preliminary injunction portion of the TRO/PI Motion on or before **October 11, 2016**;[2] and

3. Upon receipt of Melody Lane's response, the Court will determine the necessity of a reply brief and/or an evidentiary hearing.

Dated this 3rd day of October, 2016.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] The Court is in possession of the docket for Gunther Toody's's state court action. That docket shows that Melody Lane's counsel entered an appearance. The Court will ensure that the same counsel receives a copy of the CM/ECF Notice of Electronic Filing of this order.